**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4514**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MAURICE D. SHACKLEFORD,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, District Judge.  (5:20−cr−00520−D−1)

———————

Submitted:  May 15, 2023                                    Decided:  September 19, 2023

———————

Before RUSHING and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:** G. Alan Dubois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurice Shackleford was convicted by a jury of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2)[*]. The district court imposed a sentence of 48 months in prison.

On appeal, Shackleford argues that the court erred by (1) denying his motion for judgment of acquittal under Federal Rule of Criminal Procedure 29, asserting that there was insufficient evidence to permit a jury to find that Shackleford knew of his felony status under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and (2) denying Shackleford's motion to suppress statements he made while detained during his detention, asserting that he was "in custody" when he admitted that there was a gun in his car and that he had not received warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966).

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Shackleford*, No. 5:20-CR-520-D-1 (E.D.N.C. Nov. 22, 2021, May 17, 2022 & Aug. 24, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Section 924(a)(2) has been amended and no longer provides the penalty for § 922(g) convictions; the new penalty provision in 18 U.S.C. § 924(a)(8) sets forth a statutory maximum sentence of 15 years' imprisonment for a § 922(g) offense. *See* Bipartisan Safer Communities Act, Pub. L. No. 117-159, § 12004(c), 136 Stat. 1313, 1329 (2022).